UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSE VIVAS DELGADO, individually and on
behalf of all others similarly situated,

           Plaintiffs,

-against-

STRATEGIC CLEANING CORP., and EDGAR STEFFENS, as
an individual,

           Defendants,
----------------------------------------X

**COLLECTIVE
ACTION/CLASS
COMPLAINT**

JURY TRIAL
REQUESTED

1. Plaintiff, **JOSE VIVAS DELGADO**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **JOSE VIVAS DELGADO**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **STRATEGIC CLEANING CORP, and EDGAR STEFFENS, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at **STRATEGIC CLEANING CORP,** located at 77-42 Main Street, APT 2A, FLUSHING, NY 11367.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff JOSE VIVAS DELGADO residing at Woodside, NY 11377, was employed by Defendants from in or around June 2019 until in or around August 2019.

9. Defendant, STRATEGIC CLEANING CORP, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 77-42 Main Street, APT 2A, FLUSHING, NY 11367.

10. Upon information and belief, Defendant, STRATEGIC CLEANING CORP is a corporation duly authorized to do business under the laws of the State of New York.

11. Upon information and belief, Defendants EDGAR STEFFENS is the owner and Chairman of corporate Defendant, STRATEGIC CLEANING CORP.

12. EDGAR STEFFENS is an agent of STRATEGIC CLEANING CORP.

13. EDGAR STEFFENS is responsible for overseeing all daily operations of the Defendant's business at STRATEGIC CLEANING CORP.

14. EDGAR STEFFENS has power and authority over all the final personnel decisions of STRATEGIC CLEANING CORP.

15. EDGAR STEFFENS has the power and authority over all final payroll decisions of STRATEGIC CLEANING CORP. including the Plaintiff.

16. EDGAR STEFFENS has the exclusive final power to hire the employees of STRATEGIC CLEANING CORP including the Plaintiff.

2

17. EDGAR STEFFENS has exclusive final power over the firing and terminating of the employees of STRATEGIC CLEANING CORP including Plaintiff.

18. EDGAR STEFFENS is responsible for determining, establishing, and paying the wages of all employees of STRATEGIC CLEANING CORP including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant EDGAR STEFFENS was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, STRATEGIC CLEANING CORP was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that STRATEGIC CLEANING CORP (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

21. Plaintiff JOSE VIVAS DELGADO was employed by Defendants at STRATEGIC CLEANING CORP, as a construction worker, demolition worker and cleaner while performing related miscellaneous duties for the Defendants, from in or around June 2019 until in or around August 2019.

22. Plaintiff was paid by Defendants a flat hourly rate of $10.00 per hour and was paid once per month during his employment from in or around June 2019 until in or around August 2019.

23. Plaintiff regularly worked between five (5) to seven (7) days per week, for an average of six (6) days per week, each week from in or around June 2019 until in or around August 2019.

24. Plaintiff regularly started work at approximately 6:00 a.m. and ended between 6 p.m. and 8 p.m. from in or around June 2019 until in or around August 2019 for an average of approximately 13 hours per day.

25. Thus, Plaintiff was regularly required to work approximately sixty-five (65) hours per week when he worked five days per week.

26. Thus, Plaintiff was regularly required to work approximately ninety-one (91) hours per week when he worked seven days per week.

27. Thus, on average, Plaintiff worked approximately seventy-eight (78) hours per week.

28. Although Plaintiff regularly worked approximately sixty-five (65) to ninety-one (91) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Moreover, Defendants failed to pay Plaintiff JOSE VIVAS DELGADO the legally prescribed minimum wage for his hours worked from in or around June 2019 until in or around August 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

30. Furthermore, Plaintiff was not compensated at all for his final week of employment by Defendants.

31. Defendants' policy of paying Plaintiff JOSE VIVAS DELGADO only once per month violated the frequency of pay requirements of NYLL § 191.

32. Plaintiff was a manual laborer and worker and Defendants failed to timely pay Plaintiff his wages on a weekly basis.

33. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Furthermore, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

36. Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

37. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest,

4

attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## **COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

40. Collective Class: All persons who are or have been employed by the Defendants as Construction workers, cleaners, or demolitionists or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

41. Upon information and belief, Defendants employed approximately 50 to 100 employees during the relevant statutory period who Defendants subject(ed) to similar payment structures that violate applicable law.

42. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

43. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

44. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay and frequency of pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

48. The claims of Plaintiff are typical of the claims of the whole putative class.

49. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

53. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

57. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).


## THIRD CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

62. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

63. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

64. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

65. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

68. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

69. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

70. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

71. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

72. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

76. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

77. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

80. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

81. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

83. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

84. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## EIGHT CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

80. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3)

83. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiff's unpaid overtime wages;

    c. Awarding Plaintiff's minimum wages;

    d. Awarding Plaintiff's unpaid wages;

    e. Awarding Plaintiff liquidated damages pursuant to NYLL § 191.

    f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g.  Awarding Plaintiff prejudgment and post-judgment interest;

h.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  August  3, 2022
          Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE VIVAS DELGADO, individually and on behalf of all others similarly situated,

      Plaintiff,

-against-

STRATEGIC CLEANING CORP, and EDGAR STEFFENS, as an individual,

      Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

### HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

<u>To</u>:

**<u>STRATEGIC CLEANING CORP.</u>**
77-42 Main Street, APT 2A,
 FLUSHING, NY 11367

**<u>EDGAR STEFFENS</u>**
77-42 Main Street, APT 2A,
FLUSHING, NY 11367

12